UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN K. PIERCE,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTURE, Commissioner, Social Security Administration,<br><br>    Defendant. | Case No.: C 10-2017 (PSG)<br><br>**ORDER DENYING CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>**(Re: Docket No. 19, 23)** |

       Plaintiff Alan K. Pierce ("Pierce") filed this action on May 11, 2010, appealing the decision by Michael J. Astrue, Commissioner of Social Security ("Commissioner"), denying him disability insurance benefits.[1] Pierce moves for summary judgment. The Commissioner opposes the motion and cross-moves for summary judgment. The matter was submitted without oral argument, pursuant to Civ. L.R. 7-1(b). Having reviewed the papers, Pierce's motion for summary judgment is DENIED, the Commissioner's cross motion for summary judgment is DENIED, and the matter is REMANDED for further proceedings.

---

[1] The challenged decision was rendered by Administrative Law Judge Brenton L. Rogozen ("the ALJ") on October 16, 2009. The ALJ's decision became final on March 10, 2010, when the Appeals Council of the Social Security Administration denied Pierce's request for administrative review of the decision.

## I. BACKGROUND

### A. Pierce

Born on October 31, 1945, Pierce was 59 years old on his alleged onset date and 63 years old at the time of the hearing.[2] Pierce graduated from high school and received no further formal education.[3] His past relevant work consists of over thirty years of employment as a welder.[4] Pierce states he stopped this work on October 1, 2004 due to back pain prohibiting him from fulfilling the physical demands of his job.[5]

### B. Medical evidence

On November 1, 2007, state agency physician Clark E. Gable, M.D. ("Gable") performed a consultative examination of Pierce. Based on his examination, Gable opined that Pierce was limited to sitting cumulatively up to 4 hours per day, standing and walking cumulatively up to 4 hours per day, and lifting 20 pounds frequently and 40 pounds occasionally.[6]

On September 10, 2008, a non-examining state agency physician, W. Jackson, M.D. ("Jackson"), reviewed Pierce's medical records and opined that Pierce could lift 50 pounds occasionally and 25 pounds frequently, and could sit/stand/walk about 6 hours in an 8 hour work-day.[7]

---

[2] *See* Administrative Record ("AR") at 47.

[3] *See id.* at 124.

[4] *See id.* at 14.

[5] *See id.* at 31.

[6] *See id.* at 160.

[7] *See id.* at 188-92.

### C. Hearing

On May 2, 2008, Pierce filed an application for Disability Insurance Benefits under Title II of the Social Security Act, alleging disability beginning March 30, 2005.[8] The agency denied the application initially and upon reconsideration.[9] Pierce then requested a hearing before an ALJ. On September 16, 2009, the ALJ held a hearing with Pierce, his attorney, and a vocational expert present.[10] At the hearing, Pierce amended his alleged onset date to October 1, 2004.[11]

On September 16, 2009 a hearing was held before the ALJ. At this hearing, Pierce described his work as having required him to be on his knees for the majority of the time and further requiring him to lift steel pipe weighing considerably more than 40 pounds.[12] He explained that he first stopped working on October 1, 2004, was off for six months and attempted to go back to work for one day in March 2005, but could not do the work.[13] Darlene McQuery ("McQuery") appeared at the request of the ALJ to offer vocational testimony. McQuery classified Pierce's past relevant work as a welder as "medium work."[14] As performed, she classified the work as "medium plus," closer to heavy.[15] She testified that Pierce did not have any skills that would be transferable to light or sedentary work.[16]

---

[8] *See id.* at 47, 118.

[9] *See id.* at 48, 56.

[10] *See id.* at 25.

[11] *See id.* at 33.

[12] *See id.* at 29-30.

[13] *See id.* at 31-32.

[14] 20 C.F.R. § 404.1567 (2010) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.").

[15] *See* AR at 40.

[16] *See id.* at 42.

ORDER, *page 3*

**D. The ALJ's findings**

The ALJ found that Pierce was not disabled within the meaning of the Social Security Act. The ALJ evaluated Pierce's condition pursuant to the sequential process required by 20 CFR §§ 404-1520(a) and 416.920(a). At step one, the ALJ determined that Pierce had not engaged in substantial gainful activity since his alleged onset date of October 1, 2004. At step two, the ALJ decided that Pierce has a "severe" medical impairment. At step three, the ALJ found that Pierce did not have an impairment that met or medically equaled a listed impairment. At step four, the ALJ stated that Pierce was capable of performing his past relevant work. The ALJ determined that Pierce suffered from the "severe" impairment of back pain. However, the ALJ decided that Pierce retained the residual functional capacity to perform a full range of medium work, enabling him to perform his past relevant work as a welder.[17]

Pierce sought review of the ALJ's decision which the Appeals Council denied, making the ALJ's decision the final decision of the Commissioner. Pierce subsequently requested judicial review pursuant to 42 U.S.C. § 405(g).

## II. LEGAL STANDARDS

**A. Standard for Reviewing the Commissioner's Decision**

Pursuant to 42 U.S.C. § 405(g), this court has the authority to review the Commissioner's decision denying Pierce benefits. The Commissioner's decision (here the decision of the ALJ) will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards.[18] In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance — it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."[19] When determining whether substantial

---

[17] *See id.* at 11-14.

[18] *See Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995).

[19] *See id.*

...

evidence exists to support the ALJ's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.[20] Where evidence exists to support more than one rational interpretation, the court must defer to the decision of the ALJ.[21]

**B.    Standard for Determining Disability**

A person is "disabled" for purposes of receiving disability insurance benefits if he or she is unable to engage in any substantial gainful activity due to a physical or mental impairment that is expected to result in death or that has lasted or is expected to last for a continuous period of at least twelve months.[22]

Disability claims are evaluated using a five-step, sequential evaluation process. In the first step, the Commissioner must determine whether the claimant currently is engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied.[23] If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments that significantly limits the claimant's ability to do basic work activities; if not, a finding of "not disabled" is made and the claim is denied.[24] If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the listing; if so, disability is conclusively presumed and benefits are awarded.[25]

---

[20] *See id.*

[21] *See id.*

[22] *See Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

[23] *See id.* at 1255, 1257.

[24] *See id.*

[25] *See id.*

If the claimant's impairment or combination of impairments does not meet or equal an impairment in the listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity"[26] to perform his or her past work; if so, the claimant is not disabled and the claim is denied.[27] The plaintiff has the burden of proving that he or she is unable to perform past relevant work.[28] If the claimant meets this burden, a *prima facie* case of disability is established. The Commissioner then bears the burden of establishing that the claimant can perform other substantial gainful work; the determination of this issue comprises the fifth and final step in the sequential analysis.[29]

The opinion of an examining physician is entitled to greater weight than the opinion of a non-examining physician.[30] The opinion of an examining physician, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.[31] The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician.[32] "[T]he report of [a] non-treating, non-examining physician, combined with the ALJ's own observance of [the] claimant's demeanor at the hearing" does not constitute "substantial

---

[26] A claimant's residual functional capacity ("RFC") is what he or she can still do despite existing exertional and nonexertional limitations. *See Cooper v. Sullivan,* 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[27] *See id.* at 1257.

[28] *See id.*

[29] *See* 20 C.F.R. §§ 404.1520, 416.920; *Lester v. Chater,* 81 F.3d 821, 828 n. 5 (9th Cir. 1995), *as amended* April 9, 1996; *Drouin,* 966 F.2d at 1257.

[30] *See Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir. 1984).

[31] *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995).

[32] *Pitzer*, 908 F.2d at 506 n. 4; *Gallant*, 753 F.2d at 1456.

evidence" and, therefore, cannot support the Commissioner's decision to reject the examining physician's opinion that the claimant was disabled.[33]

### III. DISCUSSION

The ALJ gave "little weight" to Gable's opinion that Pierce could frequently lift only 20 pounds, and occasionally lift only 40 pounds (amounts insufficient for a residual functional capacity for medium work). The ALJ offered two reasons for this conclusion: 1) the ALJ found non-examining physician Jackson's opinion to be more consistent with the record as a whole, and 2) Gable's residual functional capacity assessment was "not supported by the claimant's physical examination findings which were substantially within normal limits and only noted a few mild problems."[34] The ALJ gave great weight to Jackson's opinion that Pierce could perform medium work, saying nothing more than that the consulting physician's report was "more consistent with the record as a whole."[35]

As the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of an examining physician, the first reason presented by the ALJ is insufficient to reject the opinion of Gable. The second reason presented, the ALJ's belief that Gable's opinion was not supported by the physical examination findings, does not remedy this problem because the Commissioner must provide specific and legitimate reasons that are supported by substantial evidence in the record. A conclusory statement that Gable's opinion is less consistent with the record is not a specific and legitimate reason to reject Gable's

---

[33] *See Gallant*, 753 F.2d at 1456.

[34] AR at 14.

[35] *Id.*

opinion.[36] The court must therefore remand this case for proper consideration of Gable's evidence and opinion.[37]

### IV.   CONCLUSION

IT IS HEREBY ORDERED that Pierce's motion for summary judgment is DENIED; the Commissioner's motion for summary judgment is DENIED; and the matter is REMANDED for future proceedings consistent with this order.

Dated: August 31, 2011

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[36] This is especially true where, as here, the examining physician made a number of specific factual findings to support his conclusion: diminished range of motion of neck; mild tightness in the posterior cervical area; mild crepitation on the left knee with most of the pain in the popliteal spaces; straight leg raising produced some low back pain bilaterally at 60 degrees; extension and lateral flexion limited to 0 to 20; difficulty returning to standing position when attempting to squat; clumsy on heels and toes. *See id.* at 160.

[37] Pierce also argues that the ALJ erred in discounting Pierce's statements about the intensity, persistence, and limiting effects of his pain. Because the ALJ decision to discredit Pierce's statements was based in part on his decision to give little weight to Gable's opinion and great weight to Jackson's opinion, a determination that was not supported by specific and legitimate reasons and is therefore cause for remand, the court will not address Pierce's second argument.