UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALAN K. PIERCE,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No.: 5:10-CV-2017 PSG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES**<br><br>**(Re: Docket No. 29)** |

**I.   INTRODUCTION**

Plaintiff Alan K. Pierce ("Pierce") moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). Defendant Michael J. Astrue, Commissioner of Social Security, ("Commissioner") opposes the motion. Pierce originally brought this action to challenge the final decision of the Commissioner, who determined that Pierce was not disabled pursuant to the Social Security Act.[1] On August 31, 2011, the court issued a decision granting summary judgment in favor of Pierce and remanding the case to the Commissioner for further administrative

---
[1] *See* 42 U.S.C. §§ 405(g) and 1383(c).

1

Case No.: 10-2017
ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

proceedings.[2] Subsequently, Pierce moved for an award of attorneys' fees as the prevailing party in the underlying action. The present motion was submitted without oral argument, pursuant to Civ. L.R. 7-1(b). Having reviewed the papers, the court GRANTS Pierce's motion for award of attorneys' fees.

## II.  BACKGROUND

On May 2, 2008, Pierce applied for Disability Insurance Benefits pursuant to Title II of the Social Security Act.[3] The agency denied the application initially and upon reconsideration.[4] After a hearing was held on September 16, 2009, an Administrative Law Judge (ALJ) again denied his application.[5] The ALJ specifically determined that Pierce retained the residual functional capacity to perform a full range of medium work and thus was not disabled within the meaning of the Social Security Act.[6] An Appeals Council declined to review the decision by the ALJ, and this action followed.

Pierce filed this action on May 11, 2010.[7] On August 31, 2011, the court granted summary judgment in favor of Pierce and remanded the action for further proceedings.[8] The court specifically found that the ALJ erred by giving "little weight" to the opinion of the examining physician and that the Commissioner did not provide specific and legitimate reasons that were supported by substantial evidence in the record to reject the examining physician's opinion.[9] Pierce filed this motion seeking an award for 2.3 hours at an hourly rate of $172.24 (for March to April

---

[2] *See* Docket No. 28.

[3] *See* Administrative Record ("AR"), Docket No. 18, at 47, 118.

[4] *See id.* at 48. 56.

[5] *See id.* at 25.

[6] *See id.* at 11-14.

[7] *See* Docket No. 1.

[8] *See* Docket No. 28.

[9] *See id.* at 7.

2
Case No.: 10-2017
ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

2010), 21.7 hours at an hourly rate of $174.57 (from May 2010 to June 2011) and 7.55 hours at an hourly rate of $179.51 (from July 2011 to the present) in attorneys' fees and 6.7 hours at an hourly rate of $106 in paralegal fees.[10] Pierce seeks a total award of $6,249.82.

### III. LEGAL STANDARDS

For purposes of the EAJA, an applicant for social security benefits becomes a prevailing party if the denial of benefits is reversed and remanded, whether or not benefits are ultimately awarded.[11] In any action brought by or against the United States, the EAJA requires that a court "award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[12] "Substantially justified means 'justified to a degree that could satisfy a reasonable person.'"[13] "A position can be justified even though it is not correct."[14] A substantially justified position, however, must have a reasonable basis in both law and fact.[15] "It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award unjust."[16]

The court has discretion in determining the reasonableness of the attorneys' fees, including whether the hours claimed by the prevailing party are reasonable.[17] In doing so, it is important for

---

[10] *See* Docket No. 29-3 at 6.

[11] *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) (citing *Shalala v. Schaefer,* 509 U.S. 292, 300-302 (1993)).

[12] 28 U.S.C. § 2412 (d)(1)(A); *see also Gutierrez*, 274 F.3d at 1257.

[13] *Id*. (quoting *Pierce v. Underwood*, 487 U.S. 522, 565 (1993)); *see also Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) ("The Commissioner is substantially justified if his position met the traditional reasonableness standard – that is justified in substance or in the main, or to a degree that could satisfy a reasonable person" (internal citations omitted)).

[14] *Lewis*, 281 F.3d at 1083.

[15] *See Pierce*, 487 U.S. at 656; *Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995).

[16] *Gutierrez*, 274 F.3d at 1258.

[17] *See Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

the district court to provide a concise but clear explanation of its reasons for the fee award.[18] "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[19] Thus, the prevailing party "should submit evidence supporting the hours worked and rates claimed."[20] Furthermore, "counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant or otherwise unnecessary."[21]

## IV. DISCUSSION

The Commissioner contends that his position was substantially justified. Alternatively, the Commissioner contends that the fees Pierce requests are unreasonable and should be reduced to a total award of $4,397.52. The court remanded the action for further administrative proceedings to allow the ALJ to provide specific and legitimate reasons for rejecting the opinion of the examining physician. A conclusory statement that the examining physician's opinion is less consistent with the record is not a specific and legitimate reason to reject his opinion, especially where the examining physician made a number of specific factual findings to support his conclusion.[22]

The Commissioner nevertheless argues that the ALJ provided a basis for challenging the opinion of the examining physician, and thus his position was substantially justified. The ALJ gave the examining physician's "little weight" and offered two reasons for this conclusion: 1) he found the non-examining physician's opinion to be more consistent with the record as a whole, and 2) the examining physician's residual functional capacity assessment was not supported by the claimant's physical examination findings. The Commissioner argues that his defense of these findings made by the ALJ was reasonable in law and fact. An opinion of a non-examining physician, however,

---

[18] *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

[19] *Id.*

[20] *Id.*

[21] *Id.* at 434.

[22] *See* Docket No. 28 at 7-8.

4
Case No.: 10-2017
ORDER GRANTING PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES

cannot by itself constitute substantial evidence that justifies the rejection of the opinion of the examining physician.[23] This is consistent with the Commissioner's regulations, which direct that an examining physician's opinion is generally entitled more weight than a reviewing doctor.[24] Thus, absent specific and legitimate reasons for disfavoring the examining physician's opinion, the Commissioner's position was not substantially justified.

The Commissioner further argues that the ALJ's summary of the medical evidence provided support for the ALJ's finding that the non-examining physician's opinion was consistent with and supported by the other medical evidence of the record. The ALJ did not analyze the evidence in order to support his conclusion. Instead, the ALJ issued a conclusory statement that the examining physician's opinion was less consistent with the medical record. This, however, is not a specific and legitimate reason for the ALJ to have rejected the examining physician's opinion. The Commissioner's position therefore was not substantially justified.

Turning to the issue of the reasonableness of the attorneys' fees, the court finds that Pierce's request is reasonable. The Commissioner seeks to reduce the claimed hours from 32.45 hours to 27.45 hours. This number reflects a reduction of 4.1 hours spent by Pierce's counsel on the motion for summary judgment and reply brief, and a reduction of paralegal time by 0.9 hours, which was spent preparing and submitting a certificate and proof of service, and reviewing the court's reassignment order. Essentially, the Commissioner argues that the time Pierce's counsel spent on preparing papers for the motion for summary judgment was excessive. Spending approximately one hour per page covering a case that is not particularly complex or challenging is reasonable. The court finds no evidence that the time billed by Pierce's counsel was improper. Taking into consideration the award of attorneys' fees in numerous social security disability

---

[23] *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984).

[24] *See* 20 C.F.R. § 404.1527(d)(1).

cases,[25] the court concludes that the time expended by counsel in preparing the motion for summary judgment and reply brief was not so patently unreasonable as to warrant a reduction.

### V.  CONCLUSION

Pierce's motion for award of attorneys' fees is GRANTED.

Pierce is awarded attorneys' fees in the amount of $6,249.82. The Commissioner shall determine whether any of the fees are subject to an offset and forward the balance, if any, to Pierce (or his counsel pursuant to the Attorney's Fee Contract for Social Security Disability and/or Supplemental Security Income Claims if the Commissioner in its discretion waives the requirements of the Anti-Assignment Act).[26]

Dated:   5/4/2012

                              PAUL S. GREWAL
                              United States Magistrate Judge

---

[25] *See e.g., Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (finding 55 hours expended in the action was reasonable); *Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005) (finding 50.25 hours was reasonable).

[26] *See* Docket No. 29-2.